UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 1, 2019

LETTER TO COUNSEL

     RE:    *Johnson v. United Parcel Service, Inc.*
               Civil No. SAG-17-1771

Dear Counsel:

     Plaintiff Khalilah Johnson ("Plaintiff") filed this employment discrimination case against her former employer, Defendant United Parcel Services, Inc. ("UPS"). On September 18, 2019, this case was transferred to my docket. I have reviewed Plaintiff's Motion for Leave to File Second Amended Complaint and supporting exhibits (collectively, the "Motion"), ECF 47, Defendant's Opposition, ECF 51, and Plaintiff's Reply, ECF 59. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's motion will be denied.

     On June 27, 2017, Plaintiff, as a self-represented litigant, filed her original Complaint against UPS, alleging (1) employment discrimination on the basis of her religion; and (2) disability discrimination. ECF 1. Approximately six months later, on December 15, 2017, Plaintiff's newly retained counsel filed an Amended Complaint, ECF 13. The Amended Complaint eliminates the claim of disability discrimination, *id.* ¶ 25, but asserts three counts. Count I alleges that UPS retaliated against Plaintiff for making complaints to UPS about discrimination on the basis of her religion, Seventh Day Adventist. *Id.* ¶¶ 1-8. Count II alleges that UPS retaliated against Plaintiff for requesting, and being awarded, accommodations for her religious obligations. *Id.* ¶¶ 9-17. Count III alleges that UPS subjected Plaintiff to a hostile work environment on the basis of her religion. *Id.* ¶¶ 18-24. Specifically, Plaintiff worked as a delivery truck driver for UPS, and she alleges that UPS's discriminatory conduct consisted of overloading and failing to organize the truckloads she was assigned for delivery, which placed her in danger of injury and extended her workday beyond the time she needed to leave under the terms of her religious accommodation. *Id.*

     On April 9, 2019, Plaintiff filed the instant Motion. ECF 47. In the proposed filing, Plaintiff seeks to add four counts. *Id.* Count IV alleges that UPS fraudulently filed a 2015 W-2 for Plaintiff, grossly overstating her amount of wages, in violation of 26 U.S.C. § 7434 (2012). ECF 47-1, ¶¶ 30-43. Count V alleges that the fraudulent W-2 constituted an additional example of retaliatory conduct. *Id.* ¶¶ 44-54. Count VI alleges that the fraudulent W-2, and the denial of Plaintiff's request for a light duty assignment between July 20, 2015 and December 31, 2015, contributed to the hostile work environment Plaintiff experienced. *Id.* ¶¶ 55-59. Count VII seeks a declaratory judgment that a settlement agreement the parties executed to resolve Plaintiff's Workers Compensation claim does not bar the claims she asserts in the proposed Second Amended Complaint. *Id.* ¶¶ 60-74. The Second Amended Complaint also seeks to add certain factual allegations in Count III. *Id.* ¶ 22.

The question of whether Plaintiff's amendment is appropriate highlights the occasional tension between two Federal Rules of Civil Procedure. Rule 15(a)(2) states that the Court "should freely give leave [to amend] when justice so requires." However, once the Court has set a scheduling order and the amendment would require a modification, Rule 16(b)(4) dictates that the "schedule may be modified only for good cause and with the judge's consent." *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

In *Nourison,* like in the instant case, a party sought amendment of its pleading after the expiration of the deadline in the scheduling order. *Id.* at 297. The Fourth Circuit noted that, "Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.* at 298. Accordingly, the Fourth Circuit required that the party seeking to modify the scheduling order meet the good cause requirement of Rule 16(b)(4), before considering the standard for amendment of a pleading in Rule 15(a)(2). *Id.* ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *see also Cook v. Howard,* 484 F. App'x 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment."). To establish good cause, the party seeking to amend the scheduling order must "show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Cook,* 484 F. App'x at 815 (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 2010)).

Here, Plaintiff has not proffered good cause for her failure to include her W-2 and light duty-related claims when she filed her Amended Complaint in December, 2017. Clearly, she knew of those claims by that date, because she would have received the W-2 form in question in 2016, and the alleged denial of light duty occurred in the latter half of 2015. Moreover, Plaintiff included those allegations in communications to her EEOC claims investigators in 2016 and 2017. ECF 59-2 at 3. Despite full knowledge of the factual basis for the claims, neither Plaintiff in her original Complaint, nor Plaintiff's counsel in her Amended Complaint, chose to assert any claims relating to the W-2 or the denial of light duty.

Plaintiff's proffered explanation for the delay is that she did not "ascertain for certain" until the discovery period that her wages had been over-reported. ECF 47 at 5; *see also* ECF 59 at 1 (suggesting that she had obtained "hard, irrefutable evidence" in discovery). Certainty is not the standard for notice pleading. *See* Fed. R. Civ. P. 11(b)(3) (requiring that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"); *see also EEOC v. Morningside House of Ellicott City, LLC.*, No. JKB-11-2766, 2012 WL 1655324, at *2-3 (D. Md. May 9, 2012) (finding that Plaintiff failed to establish good cause to amend its Complaint after the amendments deadline because it "likely could have pled its proposed retaliation charge in the original complaint," and "certainly" could have before the deadline). Judge Russell's Scheduling Order provided a deadline of December 10, 2018 for amendment of pleadings. ECF 30. The parties

knew that they could request amendments to the Scheduling Order, and in fact jointly requested one such amendment on November 7, 2018, but did not seek to extend the deadline for the parties to amend their pleadings. ECF 31. Plaintiff's present contention, then, that the Court's date for amendment of pleadings was unfair, is unavailing. "[A] judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).

Further, even had Plaintiff's Motion for Leave to file the Second Amended Complaint been adjudicated shortly after it became ripe, it would have necessitated alterations to the scheduling order to permit discovery on new claims that could have been brought sixteen months prior, when the Amended Complaint was filed. In the case's current posture, discovery would have to be reopened just days before the parties' dispositive motions are due. *See* ECF 68 (establishing a dispositive motions deadline of October 7, 2019). In light of Plaintiff's lack of diligence in asserting her new proposed claims before the Scheduling Order's deadline, lack of good cause for the delay, and the effect on the case schedule if her motion were to be granted, her motion to amend the complaint to add counts IV-VII will be denied.[1]

Finally, Plaintiff's proposed changes to the existing three claims for relief would also require additional discovery. While the Amended Complaint limited the alleged hostile environment to the overpacking of Plaintiff's delivery trucks, the proposed amendments within Count III state, "Defendant discriminated against Plaintiff in terms and conditions of employment in any manner shown by evidence produced during discovery" and "Defendant's [religious] accommodation provided was not reasonable or adequate." ECF 47-1, ¶ 22(E), (G). Because those allegations greatly expand the scope of the hostile environment claim Plaintiff asserted in her Amended Complaint in December, 2017, her motion to amend at this late date will be denied.

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint, ECF 47, is DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                                Sincerely yours,

                                                /s/

                                                Stephanie A. Gallagher
                                                United States District Judge

---

[1] Regarding Count VII, Plaintiff indicated that this declaratory judgment count was necessary "so that Plaintiff's amendments can go forward." ECF 47 at 8; *see also id.* at 12. Because the Court denies Plaintiff's Motion in all other respects, it is unnecessary for the Court to consider whether good cause exists to grant Plaintiff leave to add Count VII. Even if such good cause existed, by Plaintiff's own representations, the Court's instant ruling renders Count VII futile.